McGREGOR W. SCOTT
United States Attorney
KRISTI C. KAPETAN
Assistant U.S. Attorney
Federal Courthouse, Suite 4401
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 4697 LINGARD ROAD, MERCED, MERCED COUNTY, CALIFORNIA, APN: 066-130-005, INCLUDING ALL APPURTENANCES AND IMRPOVEMENTS THERETO,<br><br>    Defendant,<br><br>Mortgage Electronic Registration Systems, Inc., as Nominee For Countrywide Home Loans, Inc.,<br><br>    Claimant. | 1:05-CV-00476 REC SMS<br><br>STIPULATION FOR EXPEDITED SETTLEMENT AND ORDER THEREON |

    This stipulated settlement is entered into between the plaintiff United States of America and claimant Mortgage Electronic Registration Systems, Inc., as Nominee For Countrywide Home Loans, Inc. (hereinafter referred to as "claimant Countrywide"), by and through their undersigned counsel, according to the following terms:

    1. This is a civil forfeiture action of certain real property located at 4697 Lingard Road, Merced, Merced County, California. APN: 066-130-005 (hereinafter the "defendant real property"), and more particularly described as:

Lot 27 and all those portions of Lots 28, 29 and 30 lying North of the North line of the parcel of land conveyed by Thomas T. Givens and Alice M. Givens to Teodoro D. Dumpit and Mary L. Dumpit by deed dated December 29, 1947 and recorded January 21, 1948 in Book 870, page 279, of Official Records, MAP OF GIVENS MISSION FIG TRACT, in the County of Merced, State of California, as per plat recorded in Book 8 of Maps, pages 35 and 36, records of said County.

EXCEPTING THEREFROM that portion of said lots lying in strips of land 60 feet wide and 40 feet wide conveyed by Thomas Thrift Givens to Merced Irrigation District by deed dated July 2, 1923 and recorded August 6, 1923 in Book 53, page 179, Merced County Records.

Assessors Parcel No.: 066-130-005.

2. The parties hereby stipulate that any violations of Title 21 U.S.C. § 881 involving the defendant real property occurred without the knowledge and consent of claimant Countrywide.

3. Plaintiff agrees that upon the entry of a Final Judgment of Forfeiture forfeiting to the United States all right, title, and interest in the defendant real property, and upon the sale of the defendant real property, it shall pay claimant Countrywide, in escrow from the gross sales price, after payment of outstanding taxes and expenses of custody and sale incurred by the United States Marshals Service, the following:[1]

    a. All unpaid principal due to Countrywide in the original amount of $130,000.00 pursuant to a Promissory Note dated April 8, 2004, and secured by a Deed of Trust dated April 8, 2004, and recorded on April 16, 2004 as Instrument No. 2004023476, in the official records of Merced County, California. As of June 30, 2005, the total amount due and owing under the note was $123,876.45. This number consists of principal due and owing in the amount of $123,341.58, interest due and owing in the amount of $477.74, and miscellaneous fees and costs on the amount of $57.13. Interest will continue to accrue under the note at a rate of $16.4737 per diem;

    b. All unpaid interest at the contractual rate (not the default rate) under the above-described note and deed of trust until the date of payment;

---

[1] If for any reason the defendant real property is not forfeited, e.g., because the United States enters into a settlement with other claimants to forfeit money in substitution for the defendant real property then this stipulation shall not have effect.

    c. All unpaid casualty insurance premiums for the defendant real property from May 5, 2005 (date of posting of defendant real property) to the date of payment;

    d. Reasonable attorney's fees not to exceed $2,000.00; and

    e. A total fee of not more than $200 to process a beneficiary demand statement and to record a reconveyance of the deed of trust.

    f. The exact amount to be paid to claimant Countrywide shall be determined at time of payment.

  4. The payment to claimant Countrywide shall be in full settlement and satisfaction of any and all claims by Countrywide to the defendant real property posted by the United States on or about May 5, 2005, and all claims resulting from the incidents or circumstances giving rise to this forfeiture action.

  5. Upon payment, claimant Countrywide agrees to assign and convey its security interest to the United States via recordable documents.

  6. Claimant Countrywide releases plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the posting or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties to this agreement waive the provisions of California Civil Code § 1542 which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in its favor at the time of executing the release, which if known by it must have materially affected the settlement.

  7. As a part of this settlement, claimant Countrywide agrees not to pursue against the United States any other rights they may have under the promissory note and deed of trust including, but not limited to, the right to initiate a judicial or non-judicial foreclosure action.

  8. Claimant Countrywide agrees to notify the U.S. Attorney and U.S. Marshals Service at the end of the first payment cycle in which a payment is not made under the terms specified in the note. Claimant further agrees to join any government motions for interlocutory or stipulated sale of the

defendant real property and any motions to remove occupants from the property who fail to abide by the terms of an occupancy agreement, within ten (10) days of claimants' receipt of the motion(s).

      9. Claimant Countrywide understands and agrees that by entering into this Expedited Settlement of their interest in the defendant real property, they waive any rights to further litigate against the United States their interest in the defendant real property and to petition for remission or mitigation of the forfeiture.  Unless specifically directed by order of this Court, claimant Countrywide is hereby excused and relieved from further participation in this action.

        a.  No final judgment shall be entered in this action inconsistent with or adverse to any provisions of this Stipulation, and to the extent any final judgment entered in the action is inconsistent with or adverse thereto, such order shall be void as against Countrywide.

      10.  Claimant Countrywide understands and agrees that the United States reserves the right to void this Expedited Settlement agreement and terminate the forfeiture action at any time for legal reasons or within ninety (90) days after the date of this agreement for economic reasons.

      11.  The parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to further implement the terms of this settlement.

      12.  The terms of this settlement agreement are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.  Further, the terms

///
///
///
///
///
///
///
///
///

of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

DATED: 4/24/06              /s/ Kristi C. Kapetan
                            KRISTI C. KAPETAN
                            Assistant United States Attorney

DATED: April 18, 2006.      /s/ Lindsay J. Nichols
                            Lindsay J. Nichols
                            Attorney for Claimant Mortgage Electronic
                            Registration Systems, Inc., as nominee for
                            Countrywide Home Loans, Inc.

### ORDER

This Stipulated Expedited Settlement is hereby APPROVED.

DATED:   May 3, 2006        /s/ ROBERT E. COYLE
                            ROBERT E. COYLE
                            United States District Judge

5